**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| FEDERAL TRADE COMMISSION, | ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| ACQUINITY INTERACTIVE, LLC, a Florida limited liability company; 7657030 CANADA, INC., a Canadian corporation, also d/b/a ACQUINITY INTERACTIVE; GARRY JONAS, individually and as an officer of Acquinity Interactive, LLC and 7657030 Canada, Inc.; REVENUE PATH E-CONSULTING PRIVATE LIMITED, an Indian company; REVENUEPATH LIMITED, a Cyprus company; WORLDWIDE COMMERCE ASSOCIATES, LLC, a Nevada Limited Liability company, also d/b/a WCA; SARITA SOMANI, individually and as an officer of Worldwide Commerce Associates, LLC, Revenue Path E-Consulting Private Limited, and Revenuepath Limited; FIREBRAND GROUP, S.L., LLC, a Nevada limited liability company; MATTHEW BEUCLER, individually and as an officer of FIREBRAND GROUP, S.L., LLC; | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Case No. 13-cv-5380<br><br>Hon. Matthew F. Kennelly |
| Defendants. | ) ) | |

**DEFENDANT ACQUINITY INTERACTIVE, LLC's MOTION TO TRANSFER**
**VENUE AND INCORPORATED MEMORANDUM OF LAW**

Defendant ACQUINITY INTERACTIVE, LLC ("Acquinity"), pursuant to 28 U.S.C. § 1404(a), respectfully moves this Court to enter an order transferring this action from the United States District Court for the Northern District of Illinois to the United States District Court for the Southern District of Florida. As over 150 employees and other non-party witnesses with knowledge of relevant facts reside in South Florida and because the only connection the foreign defendants have to any jurisdiction in the United States is in South Florida, this case should be

transferred to the Southern District of Florida.  In support of this Motion, Acquinity states the following:

## I.      INTRODUCTION

Plaintiff, the Federal Trade Commission ("Plaintiff" or "FTC") instituted this action against Acquinity and eight other defendants, 7657030 CANADA, INC. ("Canada Inc."), GARRY JONAS ("Jonas"), REVENUE PATH E-CONSULTING PRIVATE, LIMITED ("RPECP"), REVENUEPATH LIMITED ("RPL"), WORLDWIDE COMMERCE ASSOCIATES, LLC ("WCA"), SARITA SOMANI ("Somani"), FIREBRAND GROUP, S.L., LLC ("Firebrand"), MATTHEW BEUCLER ("Beucler"),  in the United States District Court for the Northern District of Illinois, alleging violations of the Telemarketing Sales Rule and the Federal Trade Commission Act. Despite the fact that Acquinity's offices, employees, agents, and all of its business operations are located in South Florida along with the majority of potential non-party witnesses,[1] the FTC filed this action in the Northern District of Illinois.

As the allegations of the Complaint demonstrate, however, none of the Defendants has any substantial connection with Illinois.[2] Indeed, the FTC alleges telemarketing violations against Defendants who do not regularly visit or have contacts with the State of Illinois. No Defendant to this lawsuit resides in Illinois, or has employees or offices in Illinois.  Further, no act or practice is alleged to have occurred in Illinois other than those acts that allegedly occurred in every single state.[3] The overwhelming majority of Acquinity's agents, non-party witnesses,

---

[1]      The Declaration of Seth Coblentz is filed in support of this Motion and will be referred to as "Coblentz Dec."

[2]      *See generally* DE 1.

[3]      *See, e.g.*, DE 1, ¶ 6 (alleging that Acquinity "transacts or has transacted business in this district and throughout the United States.").  This same general allegation is used against all Defendants, and the Complaint does not contain any specific allegations connected to Illinois.

documents and other evidence, and physical offices are located in one central place – South Florida.

Moreover, the FTC alleges that all of the other Defendants are connected to Acquinity and its operations, including the foreign Defendants who arguably are not subject to personal jurisdiction in Illinois. By its own allegations, the FTC shows that if the named foreign Defendants have any connection to the United States other than the general connections they are alleged to have with all states, those connections would arise out of their relationship with Acquinity, Canada Inc., and Jonas in South Florida.[4]

The Northern District of Illinois is a wholly inconvenient and impractical forum to litigate these claims. When considering the convenience of prospective witnesses and parties, the relative access to the sources of proof and the interests of justice, this matter should be transferred to the United States District Court for the Southern District of Florida. As Florida is the only state in the country that has any substantial connection with the Defendants in this case, all factors favor adjudicating this action in the Southern District of Florida.

## II.  BACKGROUND

On July 29, 2013, the FTC filed the instant lawsuit alleging that Acquinity, along with the other 8 defendants, violated Section 5(a) of the Federal Trade Commission Act ("FTC Act"), 15

---

[4]     The Complaint alleges that Acquinity and 7657030 Canada Inc. are engaged in a common enterprise controlled by Jonas, and it collectively refers to these defendants as the "Acquinity Defendants." DE 1, ¶ 15.   The Complaint also alleges that Revenue Path E-Consulting Private, Limited (an Indian company) and Revenuepath Limited (a Cyprus company) are engaged in a common enterprise controlled by Somani, and collectively refers to these defendants as the "Revenue Path Defendants." DE 1, ¶ 16. Any allegations asserted against any of these Defendants are collectively asserted against the "Acquinity and Revenue Path Defendants." DE 1, ¶ 18.   The Complaint essentially alleges these entities are working together—thus, the Complaint itself demonstrates that if these foreign defendants have any connections in the United States (other than those general connections they are alleged to have to every state), such connections, because Acquinity is purportedly the central hub of the alleged enterprise, would likely be in Florida.

U.S.C. §45(a), and the Telemarketing Sales Rule ("TSR"), 16 C.F.R. Part 310. The FTC seeks injunctive relief and damages pursuant to Sections 13(b) and 19 of the FTC Act, 15 U.S.C. §§ 53(b) and 57(b), and the Telemarketing and Consumer Fraud and Abuse Prevention Act ("Telemarketing Act"), 15 U.S.C. §§ 6101-6108.[5]

The Complaint alleges that "Defendants [Acquinity and Canada Inc.] have operated as a common enterprise while engaged in the deceptive and unfair acts and practices alleged below. These Defendants have conducted the business practices described below through interrelated companies that have common ownership, officers, managers, business functions, employees, and office locations."[6] According to the Complaint, the Acquinity and Revenue Path Defendants (comprised of Acquinity, Canada Inc., Jonas, Somani, RPECP, and RPL) "have offered to consumers purportedly free merchandise, such as $1,000 gift cards to large retailers, and products such as an Apple iPad."[7] These Defendants allegedly advertise such promised free merchandise on websites they operate, and after obtaining personal information from registering consumers, essentially trick them into signing up for merchandise that will ultimately cost the consumer money.[8] Pursuant to these ends, the Complaint alleges, the Acquinity and Revenue Path Defendants unlawfully operate text message spam websites and free merchandise websites for the purpose of acquiring consumer information and selling it to third parties in violation of the FTC Act. The Complaint also alleges that WCA, Firebrand, and Beucler use the personal

---

[5]    DE 1, ¶ 1.
[6]    DE 1, ¶ 15.
[7]    DE 1, ¶ 18.
[8]    DE 1, ¶¶ 30-37.

information obtained by the Acquinity and Revenue Path Defendants to send those consumers

prerecorded voice messages through telephone calls in violation of the TSR.[9]

These and other allegations show that the only location in the United States to which the

Acquinity and Revenue Path Defendants are alleged to have any substantial connection is South

Florida, and that the allegations against WCA, Firebrand, and Beucler are predicated solely on a

connection with the Defendants in South Florida.[10] WCA, Firebrand, and Beucler do not oppose

this Motion.

## III. MEMORANDUM OF LAW

### A. Legal Standard on a Motion To Transfer

A motion to transfer from one federal district to another is governed by 28 U.S.C.

1404(a), which provides: "For the convenience of parties and witnesses, [and] in the interest of

justice, a district court may transfer any civil action to any other district or division where it

might have been brought." This statute authorizes a court to transfer the venue of a case in order

to avoid unnecessary inconvenience to the litigants, witnesses and the public, and to conserve

time, energy and money.[11] "A transfer under § 1404(a) is appropriate if: (1) venue is proper in

both the transferor and transferee court; (2) transfer is for the convenience of the parties and

witnesses; and (3) transfer is in the interest of justice."[12] District courts have substantial

discretion in determining whether the case should be transferred pursuant to § 1404(a),[13] and

---

9 DE 1, ¶¶ 39-41.

10 DE 1, ¶¶ 6, 18, 39.

11 *See Van Dusen v. Barrack,* 376 U.S. 612, 616 (1964).

12 *Brandon Apparel Grp., Inc. v. Quitman Mfg. Co. Inc.*, 42 F. Supp. 2d 821, 833 (N.D. Ill. 1999).

13 *Id.*; *Heller Fin., Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1293 (7th Cir. 1989) ("District courts have broad discretion to grant or deny a motion to transfer under § 1404(a), and will not be reversed absent a clear abuse of discretion.").

"[l]ess of a showing of inconvenience is needed for a § 1404(a) transfer than that for a forum non conveniens dismissal."[14]

### B.   A Transfer to the Southern District of Florida is Warranted Under Section 1404(a)

Because Florida provides a hub of material witnesses, records, documents, and access to other sources of evidence, it is substantially more convenient for at least 6 Defendants in this lawsuit, it is where nearly all material events relevant to the Complaint's allegations occurred, and because all the other key transfer factors weigh in favor of transferring this case to the Southern District of Florida, Acquinity's Motion to Transfer should be granted.

### 1.   This action could have been, and should have been, filed in the Southern District of Florida.

Although venue is proper in the Northern District of Illinois, this case could have been filed and maintained in the Southern District of Florida, and all factors substantially weigh in favor of transferring the case to Florida. Here, at least 6 Defendants, along with numerous employees and other non-party witnesses, have substantial connections with the Southern District of Florida: Acquinity and over 150 of its employees (who collectively comprise the substantial majority of potential witnesses in this case) are located in South Florida, where the other Defendants engage in business with Acquinity.[15]  Four of the Defendants (Canada Inc., RPECP, RPL, and Somani) are located outside of the United States, but regularly work with the Defendants located in South Florida, including Acquinity.[16] The Defendants located in Nevada

---

        14     *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 220 (7th Cir. 1986) (citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 253 (1981); *Norwood v. Kirkpatrick*, 349 U.S. 29, 32 (1955)).

        15     Coblentz Dec., ¶¶ 6-8.

        16     Coblentz Dec., ¶ 4.

(Firebrand, WCA, and Beucler) are similarly alleged to be agents of Acquinity and have a substantial connection with the Southern District of Florida, unlike in this district, by virtue of that business relationship.[17]   Further, where a substantial part of the events giving rise to Plaintiff's claims occurred in South Florida, venue is proper in the Southern District of Florida.[18] Accordingly, this action could have been brought in the Southern District of Florida, satisfying the first factor under 28 U.S.C. § 1404(a).

2. **The Convenience of the Parties and Witnesses Requires Transfer.**

In determining the convenience of the parties and witnesses, courts consider the situs of material events, the relative ease of access to sources of proof, the convenience of the witnesses, the convenience of litigating for the parties in the respective forums, and the plaintiff's choice of forum.[19]   As set forth below, the convenience of the parties and witnesses strongly favors transfer to the Southern District of Florida.

a. <u>Situs of Material Events is South Florida</u>

Although the Complaint alleges generally that business transactions occurred across the country and "in this district", the allegations of the Complaint establish that any *material* events occurred in Florida, Canada, India, Cyprus, and/or Nevada, the locations of the Defendants' businesses. Indeed, the Complaint itself supports that the situs of material events is South Florida, because the Complaint itself links the Cyprus, Canada, and India Defendants to Acquinity and its operations in South Florida.

---

[17]     *See* DE 1, ¶ 39; Coblentz Dec., ¶ 5.

[18]     *See* 28 U.S.C. 1391(a) (1), (2).

[19]     *Brandon Apparel Grp., Inc. v. Quitman Mfg. Co. Inc.*, 42 F. Supp. 2d 821, 833 (N.D. Ill. 1999); *see also Rabbit Tanaka Corp. USA v. Paradies Shops, Inc.*, 598 F. Supp. 2d 836, 840 (N.D. Ill. 2009); *Millennium Products, Inc. v. Gravity Boarding Co., Inc.*, 127 F. Supp. 2d 974, 980 (N.D. Ill. 2000); *Abbott Labs. v. Church & Dwight, Inc.*, 07C3428, 2007 WL 3120007 (N.D. Ill. Oct. 23, 2007).

Specifically, the Complaint alleges the Acquinity and Revenue Path Defendants (comprised of Acquinity, Canada Inc., Jonas, Somani, RPECP, and RPL) "advertised the promised free merchandise on websites they operate,"[20] and "attract consumers to the free merchandise websites through various means, including unsolicited commercial electronic text messages ('text message spam'), that are sent directly or through third parties acting on behalf of and for the benefit of the Acquinity and Revenue Path Defendants."[21] All events that may have occurred in the United States relevant to the allegations against Acquinity, Jonas, Canada Inc., Somani, RPECP, and RPL are connected only to one state – Florida.[22] Therefore, any alleged activity relating to web site control, text messages, and advertising could have occurred only from South Florida (or countries outside of the United States).[23] In addition, the majority of records, equipment, and personnel who would have knowledge of facts relevant to the Complaint's allegations are located in South Florida.[24] Acquinity has over 150 employees located in South Florida, which comprise a substantial number of party and non-party witnesses.[25]

All of the Defendants are in some way alleged to have a connection to Acquinity in South Florida even though the alleged violative conduct was supposedly directed at every state.[26] In the context of intellectual property cases, this Court has held that the focus of the situs factor is often on the "activities of the alleged infringer, its employees, its documents; therefore, the

---

[20] DE 1, ¶ 18.

[21] DE 1, ¶ 19.

[22] Coblentz Dec., ¶¶ 5, 6-8, 11.

[23] Coblentz Dec., ¶¶ 6-8, 11.

[24] Coblentz Dec., ¶¶ 6-8.

[25] Coblentz Dec., ¶ 6.

[26] *See, e.g.*, DE 1, ¶¶ 15, 18, 39.

location of the infringer's place of business is often the critical and controlling consideration."[27] Although the party opposing transfer in that case argued that "the situs of material events is throughout the country," this Court found "that factor does not counsel against transfer – or, more particularly, in favor of keeping the case in this District – as there is no reason to believe that any injury that occurred here is any more significant than any injury that occurred in any other district."[28]  Like the injury in *S.C. Johnson & Son, Inc. v. Buzz Off Insect Shield, LLC*, there is no reason to believe that any injury that occurred here is any more significant than any injury that occurred in any other district, and the events that supposedly produced the alleged violative conduct took place in one single location – South Florida.  Therefore, this factor weighs in favor of transferring this case to the Southern District of Florida.

### b.  <u>Relative Ease of Access to Sources of Proof</u>

The sources of proof relevant to this matter are primarily in the Southern District of Florida.  Although this factor is less important in light of the ease of transporting documents and information electronically,[29] this factor can nonetheless support a court's transfer of a case.  As this Court explained in *S.E.C. v. Kasirer*:

> The simple fact is that the SEC has not identified a single material witness who is within this Court's subpoena power. Moreover, there is no indication that any significant documentary evidence is located in this District, aside from photocopies of documents that the SEC obtained in its investigation. To authenticate and explain those documents, discovery in the districts from which they were produced likely will be required. In sum, consideration of the convenience of witnesses and the ease of access to sources of proof tilts the balance significantly in favor of transfer.[30]

---

[27]    *S.C. Johnson & Son, Inc. v. Buzz Off Insect Shield*, LLC, 05 C 1046, 2005 WL 1838512, at *2 (N.D. Ill. July 28, 2005) (quoting *H.B. Sherman Mfg. Co. v. Rain Bird Nat'l Sales Corp.*, 979 F.Supp. 627, 630 (N.D.Ill.1997)).

[28]    *S.C. Johnson & Son, Inc.*, 2005 WL 1838512, at *3.

[29]    *Abbott Labs. v. Church & Dwight, Inc.*, 07C3428, 2007 WL 3120007, at *4 (N.D. Ill. Oct. 23, 2007).

[30]    *S.E.C. v. Kasirer*, 04 C 4340, 2005 WL 645246, at *3 (N.D. Ill. Mar. 21, 2005).

In the instant case, Acquinity's 152 employees constitute the majority of potential party witnesses who could be called to testify and all of whom are located in South Florida.[31]  All the hardware and software used by these employees, the business location, the documents and contracts and other documentary and physical evidence is located in South Florida.[32]  Further, although other Defendants are located in India, Cyprus, and Canada, all of them have connections with Acquinity and its business location in South Florida.[33]  Where a substantial number of witnesses and a majority of defendants in this lawsuit are located in or have substantial connections only to South Florida, this factor favors transferring the case to the Southern District of Florida.

### c.   <u>The Convenience of the Witnesses</u>

This Court has held that the convenience of witnesses is "often the most important factor in deciding whether to grant a motion to transfer."[34] This factor also supports transfer of this case to Florida. As earlier described, the primary witnesses in this action will be the individual employees of Acquinity and the other Defendants, the majority of whom are located in or substantially connected to South Florida. Thus, if this case remains in Illinois, the inconvenience to witnesses will be greater in terms of cost of travel and time.[35]

In addition, the live presence of material non-party witnesses is more certain in South Florida than in Illinois.  Acquinity currently estimates that at least 30 witnesses with relevant

---

[31]      Coblentz Dec., ¶ 6.

[32]      Coblentz Dec., ¶ 7.

[33]      Coblentz Dec., ¶¶ 4-5, 11.

[34]      *S.C. Johnson & Son, Inc.*, 2005 WL 1838512, at *3.

[35]      Coblentz Dec., ¶ 10.  *See Hotel Constructors, Inc. v. Seagrave Corp.*, 543 F.Supp. 1048, 1050 (N.D.Ill.1982) ("In analyzing the convenience of the witness, the Court must look to the expenses of transportation and the length of time the witnesses will be absent from their jobs.").

testimony or information who are not subject to this Court's subpoena power are located in South Florida.[36]  Thus, transferring this case to South Florida would have a direct effect on the power of the court to compel the presence of non-party witnesses at trial.[37]  The FTC's Complaint, in contrast, does not even suggest that any potential party or non-party witness reside in Illinois, and its allegations demonstrate that numerous potential witnesses and parties reside in South Florida.  The nature and quality of the witnesses' testimony and the question of whether they can be compelled to testify in discovery or trial militates strongly against litigating the FTC's case in Illinois.

### d.  The Convenience of the Parties Litigating in the Respective Forums

Convenience favors transfer here. The party witnesses who may have relevant knowledge or information reside, work or operate a business within the Southern District of Florida. Requiring these individuals to attend depositions or trial in Illinois would cause great inconvenience to both their professional and personal lives, and could substantially disrupt Acquinity's business operations if, for example, its officers, directors, and employees are required to travel to Illinois simply because the FTC chose to file its lawsuit in this forum.[38]

The FTC, in contrast, is a federal agency that has national authority and is located in every single jurisdiction in this country.  Although the Northern District of Illinois may be the most convenient forum for the *attorney* at the FTC who is pursuing this case, "[t]he location of counsel … is **not** a relevant factor under §1404(a) … otherwise, a plaintiff could manipulate the

---

36      Coblentz Dec., ¶ 6.

37      *See, e.g., Sky Valley Ltd. P'ship v. ATX Sky Valley, Ltd.*, 776 F. Supp. 1271, 1277 (N.D. Ill. 1991) ("[T]he presence of third party witnesses outside the subpoena power of this court is a factor which weighs heavily in favor of transferring this case to the Northern District of California."); *see also O'Donovan v. W. Health Care Corp.*, 10 C 5186, 2011 WL 856837 (N.D. Ill. Mar. 4, 2011) ("More weight is afforded non-party witnesses than witnesses within the control of the parties, as it is presumed that party witnesses will appear voluntarily.").

38      Coblentz Dec., ¶ 10.

selection of a forum by its choice of an attorney."[39] In *S.E.C. v. Kasirer*, this Court ultimately transferred the case to a more convenient forum, finding that transfer was ideal because, *inter alia*, the S.E.C. had only identified two points of contact between the case and Illinois: one of the alleged legal violations occurred in Chicago, and the S.E.C. "for reasons it has not identified" decided to investigate that case out of its Chicago office.[40] The Court held that location of the government attorneys is irrelevant, and the one alleged violation did not substantially weigh in favor of maintaining the case in Illinois when the defendants were all located in other states.[41]

As in *Kasirer*, this Court should not consider the location of the FTC's attorney as a factor relevant in determining the convenience of the parties. Transferring this case to South Florida would place significantly fewer burdens on the FTC because only its attorneys would be required to travel, something that is inevitable even if this case remains in Illinois because Florida is where many of the expected depositions will be conducted. On the other hand, if this case remains in Illinois, the Defendants and their respective witnesses will be required to travel to a forum hundreds of miles from their homes and/or locations of operation.[42] The relevant facts and the interests of all of the parties weigh in favor of transferring this case to the Southern District of Florida.

### e. <u>Plaintiff's Choice of Forum Should Not Be Granted Deference</u>

This District has no greater connection with the case than any other of the numerous districts in which the allegedly offending conduct occurred and none of the other Defendants in this lawsuit have any more of a connection to the Northern District of Illinois than any other state

---

[39] *S.E.C. v. Kasirer*, 04 C 4340, 2005 WL 645246, at *2 (N.D. Ill. Mar. 21, 2005) (emphasis added).

[40] *S.E.C.*, 2005 WL 645246, at *2.

[41] *S.E.C.*, 2005 WL 645246, at *3.

[42] Coblentz Dec., ¶¶ 9-10.

across the country.[43]   As this Court held in *Rabbit Tanaka Corp USA v. Paradies Shops, Inc.*, a plaintiff's choice of forum "is entitled to some weight, but not much, in view of the fact that this District has no greater connection with the case than any other of the numerous districts in which the alleged infringing products were sold."[44]   Here, Illinois has no more of a connection with the facts of this case than Alaska, Minnesota or any other state, and Plaintiff's choice of forum should not be granted much deference.   In another case from the Northern District of Illinois, Judge Darrah noted that "where the federal government is a plaintiff, the choice of forum is entitled to even less weight."[45]

Moreover, as this Court explained in *Abbott Labs. v. Church & Dwight, Inc.*, "[c]ourts typically discount a plaintiff's choice of forum when the plaintiff is not a resident of the district selected, … when the district selected has no strong connection to the events from which the litigation stems, … or both."[46]   Factors that would normally require this Court to give "substantial deference" to Plaintiff's choice of forum are wholly absent here.   Plaintiff is a federal agency that has offices nationwide, but the only reason that the Complaint was filed in this district is because the attorney at the FTC that is pursuing this case has his office in Illinois. While the FTC's counsel may have a connection to Illinois, the District does not have a strong connection to the events of which the FTC complains. For at least seven of the Defendants and

---

43        Coblentz Dec., ¶ 7.

44        *Rabbit Tanaka Corp. USA*, 598 F. Supp. 2d at 840 (N.D. Ill. 2009); *see also S.C. Johnson & Son, Inc. v. Buzz Off Insect Shield, LLC*, 05 C 1046, 2005 WL 1838512 (N.D. Ill. July 28, 2005) ("[N]o extra weight is given to this factor if, as in the present case, the plaintiff does not reside in the forum it selected. In such a case, the plaintiff's choice is merely a factor to consider along with the others.").

45        *F.T.C. v. Fortune Hi-Tech Marketing, Inc.*, 13-cv-578, 2013 WL 1858598 (N.D. Ill. May 1, 2013).

46        *Abbott Labs. v. Church & Dwight, Inc.*, 07C3428, 2007 WL 3120007, at *3 (N.D. Ill. Oct. 23, 2007) (internal citations omitted).

hundreds of employees of those Defendants, Illinois is an incredibly inconvenient forum in which to litigate.[47]  Therefore, Plaintiff's forum choice should not be given deference.

### 3.  The Interests of Justice Require Transfer

In determining whether transfer serves the "interests of justice," courts consider the following factors: (1) the court's familiarity with the applicable law; (2) the speed at which the case will proceed to trial; and (3) the desirability of resolving controversies in their locale.[48] First, because the applicable law is a federal law, all jurisdictions are presumptively familiar with and competent to apply the law, including the Southern District of Florida, effectively neutralizing this factor.[49]  Second, Federal Court Management Statistics demonstrate this case would likely resolve more quickly in the Southern District of Florida, especially if this case proceeds to trial, as the average resolution time from filing to trial in the Southern District of Florida is 15.9 months, compared with 34.5 months from filing to trial in the Northern District of Illinois.[50]  Moreover, maintaining this case in Illinois could potentially delay resolution because the majority of non-party witnesses, equipment, records, and other evidence, including actual Defendants, are located in South Florida.  Finally, there is nothing uniquely desirable about

---

[47]     Coblentz Dec., ¶¶ 6-8, 10.

[48]     *Rabbit Tanaka Corp. USA v. Paradies Shops, Inc.*, 598 F. Supp. 2d 836, 841 (N.D. Ill. 2009) (quoting *First Nat'l Bank v. El Camino Resources, Ltd.*, 447 F.Supp.2d 902, 912 (N.D. Ill. 2006)); *Heller Fin., Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1293 (7th Cir. 1989) ("[The] 'interest[s] of justice' include such concerns as ensuring speedy trials, trying related litigation together, and having a judge who is familiar with the applicable law try the case . . . ."); *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 221 (7th Cir. 1986).

[49]     *See Amorose v. C.H. Robinson Worldwide, Inc.*, 521 F. Supp. 2d 731, 737 (N.D. Ill. 2007) ("Because this case concerns federal law, the familiarity with applicable law is neutral here.").

[50]     *See* U.S. District Court Caseload Profile, Illinois Northern District, *available at* http://www.uscourts.gov/viewer.aspx?doc=/uscourts/Statistics/FederalCourtManagementStatistic s/2013/district-fcms-profiles-march-2013.pdf&page=47. Even the median time for adjudicating the claim from filing to disposition without trial is faster in the Southern District of Florida, as the average in the Southern District of Florida is 5.2 months, compared to 6.6 months in the Northern District of Illinois. *Id.*

resolving this matter in Illinois, because the majority of events relevant to the FTC's cause of action occurred in South Florida, and the greatest number of people with knowledge of the facts of this case reside in South Florida, along with the majority of records, equipment, and other evidence. Moreover, the Complaint alleges that the effects of the alleged violative conduct were felt in every state (and not more so in Illinois). As a result, this factor weighs in favor of transferring the case to the Southern District of Florida, where the region has more interest in resolving the claims than Illinois.[51]

## IV.    CONCLUSION

Where the FTC asserts FTC Act and TSR violations against several Defendants who are not located in Illinois but in Florida and other states, and where the 1404(a) factors support the transfer of this case, this claim should be adjudicated in the Southern District of Florida. Most of the material evidence in this case, including party and non-party witnesses and documents, is predominately located in the Southern District of Florida, not the Northern District of Illinois. Defendants have numerous potentially critical witnesses residing in the Southern District of Florida. Furthermore, non-party witnesses, perhaps even more crucial to the fair resolution of this case, as well, reside predominantly in the Southern District of Florida. The Northern District of Illinois may lack subpoena power over those witnesses altogether, thus having the potential of losing key testimony. Based on these considerations and the others set forth in this motion, the Southern District of Florida is the appropriate forum to adjudicate this claim.

---

[51]    *Bullard v. Burlington N. Santa Fe Ry. Co.*, 07 C 6883, 2008 WL 4104355, at *7 (N.D. Ill. Aug. 29, 2008) (explaining that where Texas was the critical situs of the case, and because the case involved alleged injury by chemical exposure to residents in Texas, "[t]he local community would therefore seem to have a great interest in the speedy resolution of this case.").

**WHEREFORE**, pursuant to 28 U.S.C. § 1404(a), Defendant Acquinity Interactive, LLC requests that this Court enter an order transferring this action from the United States District Court for the Northern District of Illinois to the United States District Court for the Southern District of Florida, and for all other relief that is just, equitable and proper.

Dated:  September 30, 2013                     Respectfully submitted,
                                               ACQUINITY INTERACTIVE, LLC


                                               By:____s/ Timothy A. Hudson_____
                                                     One of Its Attorneys


Gino L. DiVito
Timothy A. Hudson
TABET DIVITO & ROTHSTEIN LLC
209 South LaSalle Street, 7th Floor
Chicago, Illinois 60604
Telephone No. (312) 762-9450
Facsimile No.   (312) 762-9451